## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:18-CR-00219 |
| v. | (Judge Brann) |
| RODREQUIS COUNCIL, | |
| Defendant. | |

### MEMORANDUM OPINION

### APRIL 23, 2021

## I.    BACKGROUND

In 2018, a criminal information was filed charging Rodrequis Council with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d).[1] Council thereafter pled guilty, pursuant to a written plea agreement, to that count.[2] The plea agreement noted that the offense carried a maximum term of 25 years' imprisonment, and made several recommendations regarding the offense conduct.[3]

Although the plea agreement noted that legal and factual issues surrounding the calculation of the Sentencing Guidelines would be determined by the Court, the plea agreement recommended: a three-level decrease in offense level for acceptance of responsibility; that the property of a financial institution was taken during the robbery; and that an explosive device used during the robbery qualified as a

---

[1]   Doc. 1. Council waived his right to indictment by a grand jury. Doc. 12.
[2]   Docs. 3, 13.
[3]   Doc. 3 at 2.

dangerous weapon.[4] The plea agreement stated that Council understood that these recommendations were not binding on the Court, and that the Court could impose a sentence up to the statutory maximum sentence of 25 years' imprisonment.[5] The plea agreement informed Council that, if he received a sentence with which he was dissatisfied, he would not be permitted to withdraw his guilty plea.[6] Finally, the plea agreement contained a waiver of Council's appellate rights, wherein he agreed:

> The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.[7]

At the change of plea hearing, the Court again reiterated that the maximum sentence that could be imposed was 25 years' imprisonment.[8] Council's attorney estimated that the Sentencing Guidelines range would fall between 53 to 78 months' imprisonment, while the Government estimated the range to be 57 to 71 months' imprisonment.[9] Council understood, however, that if the actual Sentencing

---

[4]  *Id.* at 7-9.
[5]  *Id.* at 9-10, 21-22.
[6]  *Id.* at 22.
[7]  *Id.* at 25-26.
[8]  Doc. 43 at 10.
[9]  *Id.* at 11-12.

Guidelines range were different than those estimates, he would not be able to withdraw his guilty plea.[10] He further understood that any recommendations made by the parties were not binding on the Court, and that the Court had the authority to impose a sentence outside of the Sentencing Guidelines range.[11]

The Court ultimately accepted the guilty plea, and a Presentence Report (PSR) was prepared.[12] The PSR noted that Council and a coconspirator built two devices that were designed to look like bombs, and placed those devices at two locations in State College, Pennsylvania.[13] They then called in two bomb threats and, while police were distracted responding to those threats, Council's coconspirator entered an SPE Federal Credit Union in State College, placed what appeared to be an explosive device on the counter, and handed the teller a note that stated the bomb would detonate if he did not receive money; the bank teller placed more than $7,000 in a bag, and the coconspirator left the bank.[14] Council provided the coconspirator with a vehicle to use during the robbery and paid for a motel for the coconspirator to use until he left the state.[15]

The PSR also detailed Council's lengthy criminal history—a history that spanned his entire adult life. These convictions include several minor offenses, as

---

[10]   *Id.* at 12.
[11]   *Id.* at 13-14.
[12]   Docs. 14, 19.
[13]   Doc. 19 at 3.
[14]   *Id.* at 3-4. The device remained in the bank, and a bomb squad was called in to attempt to defuse what they thought was a bomb. *Id.*
[15]   *Id.* at 4.

well as more serious crimes such as felony breaking or entering, interference with commerce by robbery, and use of a firearm during and in relation to a crime of violence.[16]

The PSR calculated a base offense level of 20[17] and increased the offense level by 2 levels because the property of a financial institution was taken,[18] and by 4 levels because a dangerous weapon was used.[19] The PSR subtracted 3 levels for acceptance of responsibility, resulting in a total offense level of 23.[20] Although Council had a lengthy criminal history, many offenses were not scored and, accordingly, the PSR calculated six criminal history points, resulting in a criminal history category III.[21] The PSR thus set forth an advisory Sentencing Guidelines range of 57 to 71 months' imprisonment.[22] The PSR noted, however, that the use of fake explosive devices planted at different locations "presents serious circumstances not present in the usual bank robbery cases" and therefore noted that the Court may wish to vary upward, or depart upward pursuant to USSG §§ 5K2.0, 5K2.21.[23]

At sentencing, this Court departed upward from the Sentencing Guidelines range and sentenced Council to 108 months' imprisonment, to be served consecutive

---

[16]   *Id.* at 6-10.
[17]   *Id.* at 5; U.S. Sentencing Guidelines Manual § 2B3.1(a) (2018).
[18]   Doc. 19 at 5; USSG § 2B3.1(b)(1).
[19]   Doc. 19 at 5; USSG § 2B3.1(b)(2)(D).
[20]   Doc. 19 at 5; USSG § 3E1.1(a), (b).
[21]   Doc. 19 at 6-11.
[22]   *Id.* at 14.
[23]   *Id.* at 17-18.

to any sentence that Council faced for his violation of supervised release.[24] The Court determined that such a sentence was warranted due primarily to the nature of the crime—which involved the use of fake bombs that inflicted fear and panic—and Council's extensive criminal history.[25] In a separate case, the Court imposed a 12-month sentence for Council's violation of his supervised release.[26]

Council thereafter filed an appeal with the United States Court of Appeals for the Third Circuit, but the Government filed a motion to enforce the appellate waiver and summarily affirm Council's conviction and sentence. Over Council's opposition, the Third Circuit granted the motion, enforced the appellate waiver, and summarily affirmed Council's conviction and sentence. Appellate counsel thereafter filed a motion to withdraw and indicated that Council wished to file a petition for a writ of certiorari with the United States Supreme Court, but that appellate counsel did not believe any issues merited such a petition; the Third Circuit granted appellate counsel's request and permitted him to withdraw from the case.

In 2020, Council filed this timely 28 U.S.C. § 2255 motion challenging his convictions based upon allegations of ineffective assistance of counsel.[27] Council raises four distinct claims. Council asserts that his plea counsel was ineffective because (1) the sentence imposed was far higher than plea counsel had estimated that Council would receive, and (2) plea counsel failed to argue that the Supreme

---

[24] Doc. 31.
[25] Doc. 44 at 10-11, 36-42.
[26] *Id.* at 68-69.
[27] Doc. 48.

Court's decision in *United States v. Watts*, 519 U.S. 148 (1997) should be overturned and that uncharged conduct could not be used to increase Council's sentence.[28] Council further contends that appellate counsel was ineffective for failing to (1) pursue any substantive issues on appeal, or (2) file a petition for a writ of certiorari with the United States Supreme Court.[29]

The Government has responded to Council's § 2255 motion and asserts that he did not receive ineffective assistance of counsel.[30] The Government first argues that plea counsel was not ineffective because (1) he accurately predicted the Sentencing Guidelines range, and Council was informed that said range was advisory only and the Court could impose a more severe sentence if it wished, and (2) counsel reasonably did not object to the consideration of uncharged conduct, as case law and statutory authority make clear that courts may consider such conduct in imposing sentence.[31] Second, the Government contends that appellate counsel was not ineffective because (1) Council did not have a constitutional right to have an attorney file a petition for a writ of certiorari, and (2) appellate counsel was constrained by the Government's motion for summary affirmance and could only realistically respond to the issue raised in that motion.[32] This matter is now ripe for disposition and, for the following reasons, the Court will deny Council's motion.

---

[28]   *Id.* at 1-3, 7-9, 11-14.
[29]   *Id.* at 5-7, 9-11.
[30]   Doc. 75.
[31]   *Id.* at 13-17.
[32]   *Id.* at 17-20.

## II.   DISCUSSION

"In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court established a two-part test to evaluate ineffective assistance of counsel claims."[33] "The first part of the *Strickland* test requires 'showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'"[34] In determining whether an attorney's performance is deficient, courts must "determine whether, in light of all the circumstances, the [attorney's] acts or omissions were outside the wide range of professionally competent assistance."[35] As the United States Supreme Court has emphasized:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.[36]

"The second part [of the *Strickland* test] specifies that the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"[37] "This does not require a showing that counsel's actions more likely than not altered the outcome, but the difference between *Strickland*'s prejudice standard and a more-

---

[33]   *United States v. Bui*, 795 F.3d 363, 366 (3d Cir. 2015).
[34]   *Id.* (quoting *Strickland*, 466 U.S. at 687).
[35]   *Strickland*, 466 U.S. at 690.
[36]   *Id.*
[37]   *Bui*, 795 F.3d at 366 (quoting *Strickland*, 466 U.S. at 694).

probable-than-not standard is slight and matters only in the rarest case. The likelihood of a different result must be substantial, not just conceivable."[38] "In the context of a guilty plea, the prejudice prong of the test requires a showing 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'"[39]

### A.    Ineffective Assistance of Plea Counsel

First, Council asserts that plea counsel was ineffective because the sentence imposed was far higher than plea counsel had estimated that Council would receive.[40] Council asserts that his attorney estimated a Sentencing Guidelines range of 57 to 71 months' imprisonment, but also informed Council that he "was eligible for a minor role adjustment which could go as low as three years."[41] This promise allegedly induced Council to plead guilty.[42]

Regardless of whether plea counsel performed deficiently in estimating the range of sentence that Council may receive,[43] the Court concludes that Council has

---

[38]   *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (internal quotation marks omitted).
[39]   *United States v. Fazio*, 795 F.3d 421, 426 (3d Cir. 2015) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).
[40]   Doc. 48 at 7-9.
[41]   *Id.* at 7.
[42]   *Id.*
[43]   The Court notes that Council would have great difficulty establishing deficient performance. Council does not dispute that, absent any potential reduction for a minor role adjustment, 57 to 71 months' imprisonment was the appropriate Sentencing Guidelines range. *See* Doc. 48. Plea counsel estimated that, depending on any sentencing enhancements applied, Council's Sentencing Guidelines range would rest between "a minimum of 53 months and up to 78 months." Doc. 43 at 11. Thus, plea counsel's estimate of the Sentencing Guidelines range was not incorrect. Moreover, plea counsel's estimate unequivocally did not account for, or mention, any possible reduction in the Sentencing Guidelines range based upon a minor role reduction. *Id.* Plea counsel explicitly stated that the lowest—or "minimum"—that the range could fall at

failed to establish any prejudice. The Third Circuit has long held that "[w]hen addressing a guilty plea, counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer," which necessarily includes "the comparative sentence exposure between standing trial and accepting a plea offer."[44] "However, 'an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where an adequate plea hearing was conducted.'"[45]

> The Third Circuit has emphasized that
>
> all that the law requires is that the defendant be informed of his/her exposure in pleading guilty. The law does not require that a defendant be given a reasonably accurate "best guess" as to what his/her actual sentence will be; nor could it, given the vagaries and variables of each defendant's circumstances and offending behavior.[46]

Thus, where a court's plea colloquy accurately establishes the maximum term of imprisonment that the defendant faces, and advises the defendant that the court has the discretion to impose a sentence outside of the Sentencing Guidelines range and

---

was 53 months' imprisonment. *Id.* In light of these statements, it is unlikely that Council's "self-serving and uncorroborated claims" that plea counsel estimate a range as low as three years could carry his evidentiary burden of proving that plea counsel incorrectly advised Council as to the potential sentence. *United States v. James*, 928 F.3d 247, 258-59 (3d Cir. 2019). Additionally, to the extent that Council asserts his attorney promised a shorter sentence than was imposed, the record belies any such assertion. During the plea colloquy, the Court asked Council whether "anyone promise[d] or offer[ed] [him] anything other than the written plea agreement in order to get [him] to . . . plead guilty before the Court today," and Council responded in the negative. Doc. 43 at 18.

[44] *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015).

[45] *Id.* (quoting *United States v. Shedrick,* 493 F.3d 292, 299 (3d Cir. 2007) (brackets omitted)).

[46] *Shedrick*, 493 F.3d at 299.

up to the statutory maximum term of imprisonment, a defendant suffers no prejudice from an erroneous sentencing prediction by his attorney.[47]

Here, both the plea agreement and the Court's plea colloquy informed Council of these critical facts. Council was informed that the charged offense carried a statutory maximum sentence of 25 years' imprisonment,[48] and that the Court was not bound by the Sentencing Guidelines range but was instead "free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 25 years."[49] Because the plea agreement and the plea colloquy that the Court conducted with Council cured any potential prejudice from plea counsel's purportedly erroneous sentencing estimate, this claim of ineffective assistance of counsel fails.

Turning to Council's assertion that plea counsel was ineffective for failing to argue that the Supreme Court's decision in *United States v. Watts* should be overturned and that uncharged conduct could not be considered in determining Council's sentence,[50] the Court concludes that Council cannot establish deficient performance. The Supreme Court's decision in *Watts* remains good law and, as the Third Circuit has recently acknowledged, that case binds both this Court and the Third Circuit.[51] The Supreme Court has, as recently as November 2020, declined to

---

[47]   *Id.* at 299-300.
[48]   Doc. 3 at 2; Doc. 43 at 10.
[49]   Doc. 3 at 21; *see* Doc. 43 at 12-14, 17.
[50]   Doc. 48 at 11-14.
[51]   *United States v. Ludwikowski*, 944 F.3d 123, 138 n.5 (3d Cir. 2019), *cert. denied*, 141 S. Ct. 872 (2020).

grant a petition for a writ of certiorari to address the question of whether *Watts* should be overruled.[52] Consequently, it is clear that any assertion by plea counsel that *Watts* must be overturned, or any objection to the Court's reliance on uncharged conduct in imposing sentence, would have failed, and it is well established that "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."[53] This claim therefore also fails.[54]

### B.    Ineffective Assistance of Appellate Counsel

Finally, the Court turns to the question of whether Council received ineffective assistance of appellate counsel. Although the contours of an ineffective assistance of appellate counsel claim remain the same as a general claim of ineffective assistance of counsel, the tests for deficient performance and prejudice are distinct.

As to deficient performance, "[a] lawyer performs deficiently when there is simply no rational basis to believe that counsel's failure to argue [an] issue on appeal was a strategic choice."[55] However, "appellate counsel . . . need not (and should not) raise every nonfrivolous claim [on appeal], but rather may select from among them in order to maximize the likelihood of success on appeal."[56] This is so because, as

---

[52]   Petition for a writ of certiorari at 15-19, *Ludwikowski v. United States*, No. 19-1293 (S.C. May 4, 2020); *Ludwikowski v. United States*, 141 S. Ct. 872 (2020).

[53]   *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

[54]   For that reason, and for the reason discussed below, to the extent that Council asserts that he received ineffective assistance of appellate counsel based upon appellate counsel's failure to make such arguments during Council's direct appeal, that claim likewise fails.

[55]   *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 763 (3d Cir. 2018).

[56]   *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

the Supreme Court has explained, "[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy."[57] Accordingly, "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."[58] Prejudice is established only if "there is reasonable probability—a probability sufficient to undermine confidence in the outcome, but less than a preponderance of the evidence—that [the defendant's] appeal would have prevailed had counsel's performance satisfied constitutional requirements."[59]

First, Council argues that his appellate attorney was ineffective for failing to file a petition for a writ of certiorari with the United States Supreme Court.[60] This claim fails because Council had no constitutional right to the assistance of counsel in filing a petition for a writ of certiorari with the Supreme Court.

The Supreme Court has explained that the Sixth Amendment to the United States Constitution guarantees the right to counsel at trial and "in first appeals as of right."[61] Thus, the Supreme Court has consistently "rejected suggestions that [it] establish a right to counsel on discretionary appeals."[62] The Supreme Court has further explained that "where there is no constitutional right to counsel there can be

---

[57] *Jones v. Barnes*, 463 U.S. 745, 754 (1983).
[58] *Robbins*, 528 U.S. at 288 (internal quotation marks omitted).
[59] *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).
[60] Doc. 48 at 5-7.
[61] *Halbert v. Michigan,* 545 U.S. 605, 610 (2005).
[62] *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).

no deprivation of effective assistance."[63] It is beyond cavil that defendants have no constitutional right to the assistance of counsel in filing a petition for a writ of certiorari with the Supreme Court.[64] Because Council was not entitled to an attorney to assist him in filing a petition for a writ of certiorari with the Supreme Court, his claim of ineffective assistance of appellate counsel based upon the failure to file such a petition must fail,[65] and the Court will deny this claim.[66]

Lastly, Council contends that appellate counsel was ineffective for failing to pursue any substantive issues on appeal.[67] However, Council's argument overlooks the procedural posture of his direct appeal. Once the Government filed its motion for summary affirmance based on the appellate waiver, appellate counsel could only reasonably respond to that motion; raising substantive issues at that stage simply would not have been germane or responsive to the motion then pending before the Third Circuit. Appellate counsel reasonably responded to the Government's motion

---

[63] *Coleman v. Thompson,* 501 U.S. 722, 752 (1991) (citation omitted).

[64] *Cf. Ross v. Moffitt*, 417 U.S. 600, 617 (1974) (noting that the Supreme Court "has followed a consistent policy of denying applications for appointment of counsel by persons seeking to file jurisdictional statements or petitions for certiorari in this Court").

[65] *See Walker v. United States*, 810 F.3d 568, 576 (8th Cir. 2016) (based on established precedent, claims of ineffective assistance of appellate counsel premised on failure to file petition for writ of certiorari fail); *United States v. Wyatt*, 672 F.3d 519, 520 (7th Cir. 2012) (holding that "the failure of [the defendant's] attorney to file a petition for a writ of certiorari in his direct appeal could not constitute ineffective assistance of counsel because a defendant has no right to an attorney in seeking review with the Supreme Court"); *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009) (concluding "the failure to file [a petition for a writ of certiorari] cannot amount to constitutionally ineffective assistance").

[66] Even if Council had a constitutional right to file a petition for a writ of certiorari with the Supreme Court through counsel, for the reasons discussed below, counsel would not have been ineffective for failing to file petition, given absence of any meritorious arguments in light of appellate waiver contained in Council's plea agreement.

[67] Doc. 48 at 9-11.

and sought to have that motion denied which, in turn, would have permitted him to then raise substantive issues. Accordingly, there is no evidence that appellate counsel failed to exercise his "reasonable professional judgment[]" in filing his response to the Government's motion for summary affirmance and, as such, Council has not established deficient performance on the part of appellate counsel.[68]

Moreover Council has not established prejudice because, in light of the appellate waiver, there is no evidence that, had appellate counsel raised any substantive issues in responding to the Government's motion, the outcome of the appeal would have been different, i.e., that Council's "appeal would have prevailed."[69]

## C.    Certificate of Appealability

Because the Court will deny Council's § 2255 motion, this decision is not appealable unless this Court or a circuit justice issues a certificate of appealability.[70] A certificate of appealability will not issue absent "a substantial showing of the

---

[68]   *Barnes*, 463 U.S. at 754.

[69]   *Cross*, 308 F.3d at 315. This is especially so given Council's reliance on *Holguin-Hernandez v. United States*, where the Supreme Court determined that a defendant preserves a "claim that his 12-month sentence was unreasonably long by advocating for a shorter sentence and thereby arguing, in effect, that this shorter sentence would have proved 'sufficient,' while a sentence of 12 months or longer would be 'greater than necessary' to 'comply with' the statutory purposes of punishment." 140 S. Ct. 762, 767 (2020). This decision is entirely irrelevant to Council's case; plea counsel properly preserved any argument that Council was entitled to a below-Guidelines sentence with respect to the revocation of his supervised release. Doc. 44 at 63-64. Moreover, issues related to the revocation sentence were not relevant to the appeal, which was an appeal of the sentence imposed in criminal case 4:18-cr-219-1, while the supervised release sentence was imposed in case number 4:17-cr-352.

[70]   28 U.S.C. § 2253(c)(1)(B).

denial of a constitutional right."[71] To satisfy this standard Council must demonstrate that reasonable jurists would find that the Court's assessment of the constitutional claim is debatable or wrong.[72] The Court finds that Council has not met this burden, and therefore declines to issue a certificate of appealability.

## III.   CONCLUSION

For the foregoing reasons, the Court concludes that Council did not receive ineffective assistance of counsel or ineffective assistance of appellate counsel, and his 28 U.S.C. § 2255 motion will be denied. The Court will also deny a certificate of appealability.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[71]   *Id.* § 2253(c)(2).

[72]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).